# KIRBY *v.* CLEMENTS.

PATENTS; INTERFERENCE; INTERPRETATION OF CLAIMS.

1. In an interference the claims will be given the broadest interpretation which they will reasonably support, and limitations will not be imported therein to meet the exigencies of a particular situation. (Citing *Miel* v. *Young,* 29 App. D. C. 481, and *Lindmark* v. *Hodgkinson,* 31 App. D. C. 612.) The issue in an interference is that of priority under the claims as drawn, and not of priority under other and different claims.

2. Where the issues in an interference call for a vacuum cleaner, comprising a pump chamber, a suction chamber, having an outlet opening to the pump chamber, a suction nozzle, and an inlet opening, and a removable closure for the inlet opening, the openings adapted to receive a connecting inlet tube, a structure of the character described, provided with registering openings, the outer opening adapted to receive either a cap for closing it or a hose tube extending into the inner opening, answers the requirement of the issue.

No. 970.   Patent Appeals.   Submitted May 11, 1915.   Decided May 28, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decision of an Assistant Commissioner of Patents in an interference proceeding, awarding priority of invention to the appellee, George Clements.

The invention relates to a vacuum cleaner and will be sufficiently understood by a reading of the two claims here reproduced:

"1. A vacuum cleaner consisting of a casing provided with a pump chamber and a suction chamber separated therefrom by a dividing wall provided with an opening, the walls of the

suction chamber terminating in a suction nozzle, and the suction chamber provided with an opening registering with the opening in the dividing wall and adapted to receive a cap for closing it or a hose tube extending into the inner opening, substantially as set forth.

"2. A vacuum cleaner comprising a pump chamber, a suction chamber, having an outlet opening to the pump chamber, a suction nozzle, and an inlet opening, and a removable closure for said inlet opening, said openings adapted to receive a connecting inlet tube."

Appellant, James B. Kirby, in his preliminary statement, claimed to have conceived and disclosed his invention in May of 1911, and given it concrete form in the following month. At the time of filing this statement appellant, owing to the position taken by the Primary Examiner, evidently was of the view that to satisfy the claims it would be necessary to show that he had constructed not only a cleaner having registering openings in the casing wall and fan chamber, but that he had actually provided and used a tube fitting in connection therewith. The appellee, during the taking of the testimony, introduced as an exhibit a vacuum cleaner which had the registering openings and a cap for closing the outer one, but which did not have the connecting hose tube. Thereupon the appellant introduced rebuttal evidence clearly showing that as early as November, 1910, he had commenced the actual manufacture and sale of vacuum cleaners like appellee's exhibit, having registering openings *"adapted* to receive a cap for closing it or a hose tube extending into the inner opening," as set forth in the counts. He gave notice that he would move to amend his preliminary statement so as to make the same conform to the testimony. He thereafter filed a motion to that end, and also a motion to reform the issue and to redeclare the interference. In support of the latter motion he set forth that the issue was vague and indefinite, and that the above mentioned exhibit of the appellee, while conforming to one interpretation of the issue, "embodies nothing more than the identical subject-matter which the Primary Examiner refused to allow Kirby on the

ground that the same was not patentable." The latter motion was denied by the Examiner of Interferences, he stating "that apparently the counts of the issue are not so indefinite as to preclude determination of the question of priority." On appeal from this decision it was sustained by an Assistant Commissioner. Thereupon the case was heard on the merits, when the motion to amend the preliminary statement was considered, its consideration having been deferred until final hearing. The Examiner of Interferences held that it was not necessary, "in order to satisfy the issue, to show that the hose tube connection extending into the inner opening was actually used, so long as the vacuum cleaners embodied a structure adapted to receive such tube." He, however, denied the motion to amend. The Examiners in Chief in their opinion said: "The Examiner of Interferences gave the broad construction to the issue, *as he might be justified in doing so far as language is concerned,* but the acts of the parties and of the Examiner are inconsistent with this interpretation; it would render the issue unpatentable, and we therefore prefer to give it the narrower construction." The Examiners in Chief then suggested that they would recommend that the winning party be required, *after the interference,* to substitute other claims. They therefore denied appellant's motion to amend his preliminary statement. The Assistant Commissioner, placing upon the claims the narrower interpretation, denied appellant's motion to amend, and awarded priority to the appellee, finding that he had a conception of the invention as early as May 4, 1911.

*Messrs. Hull & Smith* for the appellant.

*Mr. John S. Barker, Mr. Francis W. Parker,* and *Mr. Francis W. Parker, Jr.,* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

In an interference proceeding we must give to claims the broadest interpretation which they will reasonably support, and

we are not at liberty to import limitations therein to meet the exigencies of a particular situation. *Miel* v. *Young,* 29 App. D. C. 481; *Lindmark* v. *Hodgkinson,* 31 App. D. C. 612. The reasonable presumption is that an inventor intended to protect his invention broadly, and, consequently, the scope of a claim in an interference proceeding should not be restricted beyond the fair and ordinary meaning of the words. The issue here is that of priority under the claims as drawn, and not of priority under other and different claims.

Turning, now, to the claims of the present case, we agree with the Examiner of Interferences that a structure of the character described, provided with registering openings, the outer opening *adapted* to receive either a cap for closing it or a hose tube extending into the inner opening, answers the requirements of these claims. Such a structure would readily permit the change from one kind of cleaner to another. If the hose tube was intended to be included in the combination, the claim should have been drawn to that end.

It is apparent that appellant's motion to amend his preliminary statement would have been granted but for the interpretation placed upon the claims, and we are of the opinion that it should have been. His evidence very clearly establishes the fact that, several months prior to the earliest date which may be given the appellee, he manufactured and sold cleaners answering the requirements of the counts as we have construed them. The decision, therefore, is reversed, and the case returned to the Patent Office for appropriate action. *Reversed.*